UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER BELL,  ) | |
|    Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 21-3085 |
| ) | |
| R. BINKLEY,  ) | |
|    Defendant.  ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pretrial detainee, has identified one Defendant: Springfield Police Officer R. Binkley. Plaintiff says on February 1, 2021, Defendant Binkley stopped the Plaintiff as he was walking down the street. He asked Plaintiff where he was coming from. The Defendant then grabbed Plaintiff's right sleeve and Plaintiff says he "naturally pulled away." (Comp., p. 5). Defendant Binkley responded with "some kind of tactical move" which knocked Plaintiff to the ground and the officer landed on top of Plaintiff. (Comp., p. 5). Plaintiff says his head hit the parking lot with such force he lost consciousness and he was bleeding. The Defendant handcuffed the Plaintiff and

searched his pockets. Plaintiff was ultimately taken to the hospital in an ambulance where he "received staples." (Comp., p. 5). Plaintiff says he continues to suffer with pain and severe headaches.

Plaintiff also makes a vague claim that he is still not receiving adequate care for his head injury at the Sangamon County Jail, but if he intended to state a separate allegation, he has not provided enough specific information. For instance, Plaintiff does not state who denied him care, when he asked for medical care, how he asked for care, why he needed care, and what response he received.

The Court also notes Plaintiff recently filed a document entitled Prayer for Relief. [12]. Plaintiff states he is seeking unspecified damages against Defendant Binkley. Plaintiff may request damages, but to the extent Plaintiff is seeking to amend his previous complaint in any other way, his filing is not adequate. The Court does not accept piecemeal amendments. In other words, any Plaintiff who seeks to add claims or Defendants must file a proposed amended complaint. The amended complaint must stand complete on its own, include all claims, and must not refer to any previous filing.

Based on a review of Plaintiff's original complaint, he has alleged Defendant Binkley used excessive force against him during a stop on February 1, 2021. Plaintiff has articulated the claim against Defendant Binkley in his individual capacity only. The use of force during an arrest or investigatory stop is analyzed under the Fourth Amendment's objective reasonableness standard. *See Graham v. Connor*, 109 S.Ct. 490 U.S. 386, 388 (1989).

This case will proceed to service of the Defendant. If Defendant believes Plaintiff's excessive force claim is intertwined with a pending state court criminal case against the Plaintiff, the Defendant may file a motion to stay the proceedings explaining the basis for his motion.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Springfield Police Officer R. Binkley used excessive force during an investigatory stop or arrest on February 1, 2021 in violation of Plaintiff's Fourth Amendment rights. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After

Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendant pursuant to the standard procedures; 2) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 3) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of July, 2021.

                                        s/ James E. Shadid
                        _____
                                      JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE